UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CROSSFIT, INC.,

      Plaintiff,                        Case No. 16-cv-13609
                                          Hon. Matthew F. Leitman

v.

MACOMB ATHLETIC CLUBS, INC. et al.,

      Defendants.
_____/

### ORDER GRANTING PLAINTIFF'S MOTION FOR AN ORDER FOR ALTERNATIVE SERVICE UPON DEFENDANT STEVE MILLENBACH AND EXTENDING TIME TO SERVE THE SUMMONS AND COMPLAINT TO PERFECT ALTERNATIVE SERVICE (ECF #11)

On October 10, 2016, Plaintiff CrossFit, Inc. ("CrossFit") filed the instant action against Defendants Macomb Athletic Clubs, Inc. ("Macomb Athletic"), Fitness Promoters, Inc. ("Fitness Promoters"), and Steve Millenbach ("Millenbach") (collectively "Defendants"). (*See* Compl., ECF #1.)  The Court issued summonses for Macomb Athletic, Fitness Promoters, and Millenbach on October 11, 2016.   On October 12, 2016, CrossFit successfully served Macomb Athletic and Fitness Promoters. (*See* Certificates of Service, ECF ## 7-8.)  CrossFit has not yet served Millenbach.

On December 2, 2016, CrossFit filed a "Verified Motion for Order Extending Summons and Permitting Alternative Service on Individual Defendant Steve Millenbach" (the "Motion"). (*See* ECF #11.)  In the Motion, CrossFit contends that

1

Millenbach is the owner of Macomb Athletic and Fitness Promoters, which operate a fitness-training facility (the "Facility") located at 40 N. Groesbeck Highway, Mt. Clemens, Michigan 48043. (*Id.* at 2, Pg. ID 37.)  CrossFit states that it has attempted to serve Millenbach using three different methods.   First, it "attempted on five separate occasions to personally serve Millenbach at the address of" the Facility, but "Millenbach was not present at the time." (*Id.* at 3, Pg. ID 38.)  This statement is supported by an Affidavit of Non-Service by the process server dated November 1, 2016.  (*See* ECF #11-1.)  Second, CrossFit obtained three additional addresses for Millenbach through an online search and unsuccessfully attempted to serve Millenbach personally at those addresses. (*See* ECF #11 at 3-4, Pg. ID 38-39.)  This statement is supported by an Affidavit of Non-Service by the process server dated December 1, 2016.   (*See* ECF #11-3.)   Third, CrossFit attempted service on Millenbach via certified mail, return receipt requested, at the address of the Facility. Although CrossFit received a return receipt, the receipt was not signed by Millenbach, as required under Michigan state law.  (*See* ECF #11 at 4, Pg. ID 39.)  CrossFit attached a copy of the return receipt to the Motion. (*See* ECF #11-4.)

CrossFit now seeks the Court's permission to complete service of Millenbach through "a combination of U.S. Mail to <u>and</u> posting at" the Facility. (*See Id.* at 5, Pg. ID 40; emphasis in original.)   Federal Rule of Civil Procedure 4(e)(1) states that "an individual may be served in a judicial district of the United States by following state law for serving a summons in an action brought in the courts of general jurisdiction in

2

the state where the district court is located or where service is made." Michigan Court Rule 2.105 governs service of process in the State of Michigan. That rule provides in relevant part that process may be served on a resident or non-resident individual by:

1. delivering a summons and a copy of the complaint to the defendant personally; or

2. sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

MCR 2.105(A)(1)-(2).

However, Michigan Court Rule 2.105(I) provides that alternate service may be appropriate under some circumstances:

1. On a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard.

2. A request for an order under the rule must be made in a verified motion dated not more than 14 days before it is filed. The motion must set forth sufficient facts to show that process cannot be served under this rule and must state the defendant's address or last known address, or that no address of the defendant is known. If the name or present address of the defendant is unknown, the moving party must set forth facts showing diligent inquiry to ascertain it. A hearing on the motion is not required unless the court so directs.

3

  3. Service of process may not be made under this subrule
     before entry of the court's order permitting it.

MCR 2.105(I).

In Michigan, substituted service "is not an automatic right." *Krueger v. Williams*, 300 N.W.2d 910, 915 (Mich. 1981). "A truly diligent search for an absentee defendant is absolutely necessary to supply a fair foundation for and legitimacy to the ordering of substituted service." *Id.* at 919.

Here, the Court concludes that the Motion satisfies the requirements for substituted service under MCR 2.105(I) and Michigan law. First, CrossFit has sufficiently shown that service of Millenbach "cannot reasonably be made," MCR 2.105(I)(1), under the usual methods for service of an individual: personal service and registered or certified mail. CrossFit has already attempted to personally serve Millenbach a total of eight times at four different addresses. And CrossFit has already attempted to deliver the summons and complaint through certified mail, return receipt requested, to a known address of Millenbach. Despite conducting what the Court believes was a "truly diligent search," *Krueger*, 300 N.W.2d at 919, CrossFit was unsuccessful on all nine attempts under the usual methods of service.

Second, as required under MCR 2.105(2), CrossFit submitted a verified motion that is dated within 14 days of filing and is supported by affidavits of the process-server. (*See* ECF #11.) Attached to the Motion is a document listing Millenbach's last known addresses. (*See* ECF #11-2.)

4

Third, the Court believes that the Motion's proposed method of substituted service is "reasonably calculated to give [Millenbach] actual notice of the proceedings and an opportunity to be heard." MCR 2.105(I)(1).  According to the sworn affidavit of the process server who attempted to serve Millenbach at the Facility, the manager of the Facility stated that Millenbach "comes and goes" from the Facility. (ECF #11-1 at 1, Pg. ID 42.)  Thus, the Court believes that service of process by a combination of U.S. Mail to the Facility and posting at the Facility is likely to give Millenbach with notice of the proceedings (if he does not already have notice of the proceedings through CrossFit's past attempts to serve him).

In addition, the Court finds good cause to allow CrossFit an extension of time to serve Millenbach through the method of substituted service requested in the Motion. *See* Fed. Rule Civ. Proc. 4(m).  The Court will extend the summonses for Millenbach by thirty days from the date of this Order (such that they expire on February 11, 2017).

Accordingly, for all the reasons stated above, the Motion is **GRANTED.**

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE


Dated:  January 10, 2017

5

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 10, 2017, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113