UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CROSSFIT, INC.,

    Plaintiff,

v.

MACOMB ATHLETIC CLUBS, INC.; FITNESS PROMOTERS, INC.; STEVE MILLENBACH,

    Defendants.

Case No. 16-cv-13609
Hon. Matthew F. Leitman

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION

THIS MATTER, having come before the Court upon motion for default judgment and permanent injunction by Plaintiff CrossFit, Inc. ("Plaintiff" or "CrossFit, Inc.") as to its claims against Defendants Macomb Athletic Clubs, Inc., Fitness Promoters, Inc., and Steve Millenbach (collectively, "Defendants"), in accordance with Federal Rule of Civil Procedure 55(b)(2), and the Court having reviewed and considered the papers submitted by CrossFit, Inc. in support of its motion for default judgment and permanent injunction, and for good cause having been shown;

**IT IS HEREBY ORDERED** that CrossFit, Inc.'s motion for default judgment is GRANTED, such that judgment by default is entered in favor of CrossFit, Inc. and against Defendants, jointly and severally, on Counts I, II, IV, and V of the Complaint; and

**IT IS FURTHER ORDERED** that the Defendants, individually and collectively, for themselves and their principals, partners, agents, servants, employees, independent contractors, companies, successor companies, and all persons in active concert and participating with them shall be permanently restrained and enjoined from infringing upon the CROSSFIT® marks and from using any confusingly similar terms, in any manner, including but not limited to the following activities:

- Offering, providing, or purporting to offer or provide fitness classes or fitness training or gym space using the CROSSFIT® marks and/or any confusingly similar terms.
- Using the CROSSFIT® marks and/or any confusingly similar terms of physical materials, including but not limited to signage, facility exteriors and interiors, vehicle wraps, and any and all printed materials.
- Using the CROSSFIT® marks and/or any confusingly similar terms on their websites (including but not limited to text in meta-tags), blogs, social media profiles, business directories and listings, advertisements, promotional materials, and third-party sites where company information is submitted by Defendants regarding their personal training services.

- Registering, using, or selling any trademark, trade name, or domain names containing the CROSSFIT® marks and/or any confusingly similar terms.
- Encouraging or assisting any third party to do the above.

**IT IS FURTHER ORDERED** that Defendants shall take down any and all signage incorporating the CROSSFIT® marks and/or confusingly similar terms.

**IT IS FURTHER ORDERED** that Defendants are bound by this injunction regardless of whether CrossFit, Inc. assigns or licenses its intellectual property to another for so long as such trademark rights are subsisting, and this injunction inures to the benefit of CrossFit, Inc.'s successors, assignees, and licensees.

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: May 31, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 31, 2017, by electronic means and/or ordinary mail.

s/Holly A. Monda  
Case Manager  
(313) 234-5113